## PEAVEY v. PHILADELPHIA, B. & W. R. CO.

(Court of Appeals of District of Columbia. Submitted November 9, 1921. Decided December 5, 1921.)

No. 3500.

1. **Carriers ⬤⟿157—Liability after arrival is controlled by bill of lading.**

The conditions of a carrier's liability, while goods are retained after arrival, as stipulated in the bill of lading, are controlling.

2. **Carriers ⬤⟿157—Notice of arrival, duly mailed, but not received, is "duly sent," within bill of lading, limiting liability to that of warehouseman.**

Within the provision of a bill of lading limiting liability to that of a warehouseman after a notice of arrival had been duly sent or given, the expression "duly sent" means sent in a regular and approved manner, so that it is sufficient if notice of a letter stamped and addressed is deposited in the post office, though it was not received.

3. **Carriers ⬤⟿157—Bill of lading held not to require receipt of notice of arrival.**

A bill of lading requiring notice of arrival of the goods to be duly sent or given does not make actual notice necessary, since the words "or given" are qualified by the words "duly sent," and proof of either the due sending of the notice or actual notice is sufficient.

Appeal from the Supreme Court of the District of Columbia.

Action by S. Fillmore Peavey against the Philadelphia, Baltimore & Washington Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Charles V. Imlay, George W. Offutt, Jr., and Wm. A. Read, all of Washington, D. C., for appellant.

F. D. McKenney, J. S. Flannery, and G. B. Craighill, all of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a judgment in the Supreme Court of the District for the defendant, appellee here, in a suit for the recovery of the value of a box of books, etc., shipped by the plaintiff from Washington, D. C., to Brooklyn, N. Y., and later destroyed by fire in a warehouse in which the box had been stored by the receiving carrier.

From the agreed statement of facts it appears that the box was shipped by freight on October 3, 1916, to S. F. Peavey, Jr., whose mail address was given as 624 Eleventh street, Brooklyn. The box was received by the delivering carrier on or about November 4th following. It is agreed that a clerk employed by the delivering carrier "would testify that on November 6, 1916, a written notice of the arrival of said shipment was duly sent by him, by United States mail, postage prepaid, to the consignee, S. F. Peavey, Jr., 624 Eleventh street, Brooklyn, N. Y., and that said notice was not returned by the United States post office officials to said delivering carrier." It is further agreed that the consignee would testify that he did not receive the notice. The shipment was held by the delivering carrier until November 25, 1916, when it was delivered to a public warehouse, where it was destroyed

by fire on December 6th following. Under the view we have taken of the case it is unnecessary further to detail the facts.

Sections 1 and 5 of the bill of lading under which the shipment was sent provided in part as follows:

"For loss, damage or delay caused by fire occurring after forty-eight hours (exclusive of legal holidays) after notice of the arrival of the property at destination or at port of export (if intended for export) has been duly sent or given, the carrier's liability shall be that of warehouseman only.  *  *  *

"Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be, at the option of the carrier, removed to and stored in a public or licensed warehouse at the cost of the owner and there held at the owner's risk and without liability on the part of the carrier, and subject to a lien for all freight and other lawful charges, including a reasonable charge for storage."

It must be assumed, from the agreed facts and the judgment of the trial court thereon, that notice of the arrival of this shipment was duly mailed, so that the question here is whether the conditions of the bill of lading as to notice were satisfied thereby.

[1, 2] It is settled law that the conditions of liability, while goods are retained after arrival as stipulated in the bill of lading, are controlling. Southern Ry. v. Prescott, 240 U. S. 632, 638, 36 Sup. Ct. 469, 60 L. Ed. 836. Here the bill of lading provides that the notice of arrival of the goods at destination may be "duly sent or given." To hold that the notice sent the consignee did not meet these terms would require us also to rule that a notice duly mailed is insufficient unless actually received. Such a ruling would be inconsistent with the provision that the notice may be "duly sent or given." "Duly sent" means sent in a regular and approved manner. It is familiar doctrine that unless actual notice is required, and no particular method is prescribed, it is sufficient if notice is deposited in the post office in a stamped and properly addressed envelope. Wheeler v. McStay, 160 Iowa, 745, 141 N. W. 404, L. R. A. 1915B, 181.

[3] We cannot ignore the words "duly sent," for they qualify the words "or given." Two methods of procedure are open to the carrier, either of which answers the prescribed conditions. Actual notice may be given in any manner, or constructive notice may be given in a regular and approved manner, as in this case. It may be that the Interstate Commerce Commission might require a change in bills of lading making actual notice necessary, but the conditions in the present bill of lading do not admit of such an interpretation.

Poythress v. Railway, 148 N. C. 391, 62 S. E. 515, 18 L. R. A. (N. S.) 427, cited by appellant, is not in point, for there no notice was sent or given, and in St. Louis B. & M. R. Co. v. Hicks (Tex. Civ. App.) 158 S. W. 192, the decision was made to turn upon the fact that the goods were destroyed within 48 hours after notice of their receipt by the carrier had been received by the consignee.

There being no charge of negligence against the carrier, the judgment must be affirmed, with costs.

Affirmed.